IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON MONTOYA,

        Plaintiff,

v.                                                                                 No. 1:23-cv-1092 DLM

MARTIN O'MALLEY, Commissioner,
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Aaron Montoya's Motion for Judgment on the Pleadings. (Doc. 11.) Having considered the record, submissions of counsel, and relevant law, the Court **GRANTS** Plaintiff's Motion because the Administrative Law Judge (ALJ) failed to properly evaluate Plaintiff's subjective complaints under step three of *Luna*.

**I.**    **Procedural History**

In June 2019, Montoya applied for supplemental security income (SSI) under Title XVI of the Social Security Act (SSA). (Administrative Record[1] (AR) at 256–62.) Montoya alleges a disability onset date of June 15, 2018. (*Id.* at 31, 56–57.) His application was initially denied on December 16, 2019, and on reconsideration on December 29, 2021. (*Id.* at 121, 131.) Plaintiff requested an ALJ hearing, and ALJ Jennifer Fellabaum ultimately denied his application on March 8, 2023. (*Id.* at 28, 135.) Plaintiff filed a timely request for review, which the Appeals Council denied on July 21, 2023. (*Id.* at 145, 251–52.) Consequently, the ALJ's decision became the final

---

[1] Document 9-1 contains the sealed Administrative Record. (Doc. 9-1.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

**II.     The Sequential Evaluation Process and the ALJ's Findings**

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is eligible for disability benefits, the Commissioner follows a sequential evaluation process. 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not "doing substantial gainful activity"; (2) she has a severe impairment or combination of impairments that has lasted or is expected to last for at least one year; and (3) her impairments meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R § 416.920(a)(4)(i)–(iv); *see also* 20 C.F.R. § 416.909; *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). RFC is an assessment of how a claimant's impairments affect her capacity to work and of what she "can still do despite h[er]" limitations. SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient [RFC] to perform work in the national economy, given h[er] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(v).

At Step One of the process, the ALJ found that Montoya "has not engaged in substantial gainful activity since June 15, 2018, the amended alleged onset date." (AR at 33 (citing 20 C.F.R. § 416.971).)

At Step Two, the ALJ concluded that Montoya "degenerative disc disease, obesity, migraines, depression, and personality disorder." (*Id.* (citing 20 C.F.R. § 416.920(c)).)

At Step Three, the ALJ found that Montoya "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 34 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).)

At Step Four, the ALJ considered the evidence of record and found that Montoya:

> Has the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 416.967(c) except the claimant can frequently balance, stoop, and climb ramps and stairs; can never climb ladders, ropes, or scaffolds; and never be exposed to unprotected heights, hazardous machinery, or concentrated exposure to environmental irritants. The claimant cannot operate a motor vehicle for commercial purposes. The claimant can perform simple, routine tasks, with no fast-paced assembly line work. The claimant can make simple work decisions, and occasionally interact with co-workers, supervisors, and the general public, with no team or tandem tasks. The claimant's work should be performed in the same location every day.

(*Id.* at 37.) The ALJ noted that Montoya "has no past relevant work." (*Id.* at 45 (citing 20 C.F.R. § 416.965).) Based on her review of the record and the testimony of the VE, the ALJ ultimately determined that Montoya "has not been under a disability, as defined in the Social Security Act, since June 15, 2018, the date of the amended alleged onset date and prior protective filing date)." (*Id.* at 46 (citing 20 C.F.R. § 416.920(g)).)

3

### III. Legal Standard

The Court reviews the Commissioner's decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While a deficiency in either area is grounds for remand, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012), the Court may neither reweigh the evidence nor substitute its judgment for the agency's, *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

### IV. Discussion

Montoya argues that remand is warranted for three reasons: first, the ALJ did not properly evaluate whether Dr. Eligio R. Padilla's opinion was consistent with the record; second, the ALJ failed to develop the record and obtain necessary clarification; and third, the ALJ failed to evaluate non-medical evidence under the third step of *Luna*. (Doc. 11-3 at 8.) The Court finds Plaintiff's first reason is unpersuasive because he failed to provide authority in support and because the ALJ properly used the sources to which she cited to evaluate the persuasiveness of various medical opinions. The Court finds Plaintiff's second reason is unpersuasive because the ALJ was not required to develop the record or obtain clarification because the record evidence was sufficient for her to make a determination. The Court, however, finds Plaintiff's third reason is persuasive because the ALJ failed to explain why, based on the evidence, Plaintiff's subjective complaints were not credible. Accordingly, the Court will **GRANT** Plaintiff's motion for further proceedings.

A.      **The ALJ reasonably evaluated Montoya's mental workplace limitations.**

The Court will first briefly summarize the evidence the ALJ considered in evaluating Plaintiff's mental workplace limitations. In evaluating Montoya's mental workplace limitations, the ALJ considered the following evidence: Plaintiff's allegations of learning problems and memory issues; Plaintiff's statements he could not follow spoken instructions well due to memory problems; and Plaintiff's statements that he had no problems paying attention, finishing tasks, following written instructions, and handling stress or changes in routine. (AR at 37–38, 283, 285, 288–89.) The ALJ acknowledged Plaintiff's statements regarding how his back pain limits his activity but also noted Plaintiff's reports of the activities he could perform. (*Id.* at 37–38, 284, 286–87.) The ALJ considered Plaintiff's lack of mental health treatment and how, outside of attending consultative examinations, he has not been diagnosed with any mental impairments. (*Id.* at 38, 41.) The ALJ also noted that Plaintiff takes antidepressants, but that they were prescribed for migraine control, not depression. (*Id.* at 41, 66–67.) In making her determination, the ALJ considered the opinion of Athanasios Manole, M.D.; Eligio R. Padilla, M.D.; and Lori Martinez, Psy.D., and the medical findings of Bonnie Lammers, M.D.; William Fleming, M.D.; Randal R. Reid, M.D.; Mark McGaughey, M.D.; and Jill Blacharsh, M.D. (*Id.* at 42–45.)

   i.      *The ALJ did not consider evidence from outside the on-set date.*

As an initial matter, the Court notes that Plaintiff incorrectly claims that the ALJ relied on information from outside the relevant on-set date. (*See id.* at 4, 11.) During a hearing held on January 19, 2023, the ALJ confirmed with Plaintiff's previous counsel that June 15, 2018, would be the on-set date and used that date in her decision denying Plaintiff's application. (*Id.* at 31, 56–57.) Additionally, it is agency policy to consider records from, in relevant part, 12 months prior to the protective filing date. (Doc. 16 at 11–12 (quoting SSA Program Operations Manual System

5

(POMS) DI 22505.001, *Medical and Nonmedical Evidence*, available at http://secure.ssa.gov/poms.nsf/lnx/0422505001 (effective 9/17/2020)).) Accordingly, the ALJ did not err by considering information as old as March 2018.

  ii. *The ALJ properly considered Dr. Manole's examination.*

Montoya argues that the ALJ erred in finding Dr. Manole's opinion inconsistent with Dr. Padilla's. Plaintiff asserts that Dr. Manole conducted an examination for Plaintiff's physical complaints and did not conduct a psychological examination. (Doc. 11-3 at 12.) Plaintiff reasons that because Dr. Manole did not make any specific psychological findings, his findings could not be inconsistent with Dr. Padilla's opinion, which exclusively focused on psychological findings. (*See id.*) The Commissioner highlights, however, that Plaintiff did not provide any authority for that claim and that 20 C.F.R. § 416.929(c) requires the consideration of evidence, such as Dr. Manole's opinion, that is "obtained from the application of medically acceptable clinical and laboratory diagnostic techniques . . . ." (Doc. 16 at 12.) The Court also highlights that Plaintiff did not file a reply. Because Plaintiff did not support his position with any authority or demonstrate that Dr. Manole's findings were exempt from consideration under the regulation, the Court finds that Plaintiff failed to demonstrate any error in the ALJ's decision.

  iii. *The ALJ did not err in citing to portions of Dr. Martinez's report to evaluate Dr. Padilla's report.*

Plaintiff further alleges that the ALJ erred in citing to Dr. Martinez's examiner's report to support her conclusion that Dr. Padilla's report is only partially persuasive. (Doc. 11-3 at 12.) Plaintiff argues that Dr. Padilla's examination is not inconsistent with the record because Dr. Padilla found marked limitations in functioning, and Dr. Martinez opined Plaintiff had profound deficits in social functioning. (*Id.* at 12; AR at 454, 476.) As the Commissioner highlighted, however, the ALJ merely identified portions of Dr. Martinez's report to highlight the ways in

which Dr. Padilla's report was both consistent and inconsistent with the record. (AR at 43 (citing AR at 450–54).) In other words, the ALJ did not cite to the entirety of Dr. Martinez's report to conclude that the entirety of Dr. Padilla's report was unpersuasive. Instead, the ALJ appropriately cited to those reports to evaluate their consistency "with the evidence from other medical sources and nonmedical sources in the claim . . . ." 20 C.F.R.§ 416.920c(c)(2). Accordingly, in evaluating Dr. Padilla's opinion, the ALJ appropriately "arrived at an assessment between two medical opinions without fully embracing either one." *See Smith v. Colvin*, 821 F.3d 1264, 1268 (10th Cir. 2016).

> iv. *The ALJ did not cherry-pick evidence in evaluating Plaintiff's mental workplace limitations.*

Contrary to Plaintiff's assertion, the arguments the Court considered in each of the preceding subsections do not demonstrate that the ALJ cherry picked from the record. (Doc. 11-3 at 13.) In *Bryant v. Commissioner*, SSA, 753 F. App'x 637 (10th Cir. 2018), the Tenth Circuit held that the ALJ cherry-picked evidence by relying on portions of medical reports that supported a finding of non-disability and contradicted the examining physician's observations despite other portions of those exact same reports that confirmed the examining physician's conclusions. 753 F. App'x at 641. Here, the ALJ did not cherry-pick evidence; rather, the ALJ simply determined that the record demonstrated Plaintiff was less limited than Drs. Padilla and Martinez opined, but the Court also highlights that the ALJ similarly determined that Plaintiff was more limited than doctors McGaughey and Blacharsh. (AR at 44–45.) In other words, the ALJ balanced the opinions before her, so she did not cherry pick but simply "arrived at an assessment between two medical opinions without fully embracing either one." See Smith, 821 F.3d at 1268.

> v.  *The ALJ did not have to develop the record or seek clarification because the record contained sufficient evidence to make a determination.*

Plaintiff also contends that the ALJ erred in determining that Dr. Martinez's report was vague and ambiguous but deciding not to contact Dr. Martinez for clarification. (Doc. 11-3 at 13–14.) Evidence is considered insufficient when it lacks all the information necessary to make a determination, and it is inconsistent when it "conflicts with other evidence [or] contains an internal conflict . . . ." 20 C.F.R. § 404.1520b(b). If evidence is insufficient or inconsistent, an ALJ will consider whether it is possible to make a determination by comparing that evidence with the rest of record. *Id.* § 404.1520b(b)(1). If doing so does not resolve the issue, an ALJ may also obtain clarification by contacting the medical source, or through other methods of obtaining information. *Id.* § 404.1520b(b)(2)(i)–(iv); *see also Torres v. Kijakazi*, Civ. No. 20-440 SCY, 2021 WL 4307201, at *7 (D.N.M. Sept. 22, 2021) ("The duty to develop the record exists where the record is insufficient to make a finding of disability.") (citing *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008)).

Here, the ALJ determined that Dr. Martinez's opinion was vague and ambiguous regarding Plaintiff's vocational limits. (AR at 43.) The Court agrees with this conclusion, as the opinion provides no clear statements as to Plaintiff's vocational functional limitations. (*Id.* at 450–54.) After finding the opinion vague and ambiguous, the ALJ then considered whether the remaining record evidence nevertheless permitted her to make a determination. (*Id.* at 43–44.) In determining that Dr. Martinez's opinion was unpersuasive, the ALJ cited to numerous medical sources that cut against Dr. Martinez's opinion that Plaintiff has profound deficits in social functioning. (*Id.* (citing AR at 372, 381, 459, 465–71, 483).) Plaintiff asserts that the analysis was nevertheless insufficient because one of the sources to which the ALJ cited was Dr. Padilla, who opined Plaintiff has marked limitations. (Doc. 11-3 at 16.) However, as the Commissioner highlights, Dr. Padilla's report also

contained a number of findings cutting against marked limitations, which supports the determination that Dr. Martinez's opinion was inconsistent with the record. (Doc. 16 at 16.) Accordingly, considering the various medical sources cutting against Dr. Martinez's opinion, and the significant findings in Dr. Padilla's opinion cutting against Dr. Martinez, the Court finds that the record contained sufficient evidence such that the ALJ was not required to develop the record.

### B. The ALJ failed to assess whether Plaintiff's pain was disabling under *Luna*.

When evaluating a plaintiff's "complaints of disabling pain" an ALJ must assess the testimony "using the three-step[2] analysis set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987)." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Step three requires an ALJ to evaluate whether a plaintiff's pain is actually disabling in light of all of the objective and subjective evidence. *See Chavira v. Kijakazi*, Civ. No. 20-563 GBW, 2022 WL 92781, at *3 (D.N.M. Jan. 10, 2022). Tenth Circuit precedent and rulings from the Social Security Administration require an ALJ to consider a non-exhaustive list of nine factors, but an ALJ need not provide a formalistic analysis, nor does she need to discuss factors that are not relevant to the matter. *See id.* at *4 (citations omitted). However, an ALJ must nevertheless consider all the factors for which there is evidence in the record, link or connect those factors to evidence in the record, and explain why the evidence relevant to those factors demonstrates a plaintiff's complaints were not credible. *See id.* (citations omitted).

Plaintiff alleges that the ALJ failed to satisfy the third step under *Luna* by failing to "discuss the non-medical evidence, including [his] daily activities, function reports, and whether that non-medical evidence was consistent with his subjective complaints." (Doc. 11-3 at 19.) The Court

---

[2] The Court finds that the ALJ satisfied steps one and two by determining that Plaintiff had impairments that could reasonably be expected to cause his allegedly disabling symptoms. (*See* AR at 38.) Accordingly, the Court will only discuss step three.

9

finds the first part of that argument unavailing, because the ALJ recited all of Plaintiff's daily activities (AR 37–38) and cited to his function report (*Id.* at 283–90). As to the remaining portion of his argument, Plaintiff alleges that the ALJ did not evaluate that evidence because she did not "explain why the specific evidence relevant to each factor led her to conclude the claimant's subjective complaints were not credible." (Doc. 11-3 at 19 (quoting *Chavira*, 2022 WL 92781, at *4 (alterations omitted).) The Court agrees.

The ALJ said that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR at 38.) The ALJ also recited Plaintiff's accounts of his pain, summarized the medical opinions, and analyzed the persuasiveness of the medical opinions in the record. (*Id.* at 37–45.) United States Magistrate Judge Gregory B. Wormuth considered a nearly identical case in *Chavira*,[3] and the Court similarly finds that the "ALJ's evaluation of Plaintiff's pain and other symptoms at *Luna* step three . . . does not comply" with *Luna*'s requirements. 2022 WL 92781 at *4. As in *Chavira*, the ALJ's explanation "does not conduct any express analysis of applicable factors at *Luna* step three" and does not permit the Court to assess how the ALJ evaluated Plaintiff's symptoms. *Id.* at 5 (citations omitted). (*See also* AR at 37–45.) The Commissioner argues the ALJ did address the non-medical evidence, but the Court finds that his arguments merely assert that the ALJ included the non-medical evidence, not that she analyzed it under *Luna*. (*See* Doc. 16 at 18–21.) To be sure, the Court agrees that the ALJ recited all non-medical evidence, but nevertheless finds that the Commissioner did not

---

[3] In *Chavira*, the ALJ stated the Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in his decision." 2022 WL 92781, at *4. The ALJ also summarized the medical opinions and "proceeded to assess the persuasiveness of the three medical opinions in the record." *Id.* at *5.

meaningfully engage with Plaintiff's argument that the ALJ failed to satisfy step three of *Luna*. Accordingly, the Court finds that remand is necessary for the ALJ to address step three under *Luna*.

## V. Conclusion

The Court concludes that the ALJ did not err in evaluating Dr. Padilla's opinion or in declining to obtain clarification or develop the record. However, the Court finds that the ALJ *did* err by failing to consider the record under step three of *Luna*. As a result, the Court will remand to afford the ALJ another opportunity to address step three under *Luna*. Accordingly, the Court will remand for further proceedings consistent with this Order.

**IT IS THEREFORE ORDERED** that Plaintiff Aaron Montoya's Motion for Judgment on the Pleadings (Doc. 11) is **GRANTED, in part** as outlined in this Order.

**IT IS FURTHER ORDERED** that the matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by consent*